UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:

BORIS COLON                                           Case No. 16-11085-RAM

    Debtor.                                              Chapter 7
_____/

**CREDITOR RES-FL EIGHT, LLC'S RESPONSE
IN OPPOSITION TO THE DEBTOR'S OBJECTION TO ITS CLAIM #1**

Creditor RES-FL EIGHT, LLC ("RES-FL"), by undersigned counsel, responds in opposition to the Debtor's Objection to Claim (the "Objection") [D.E. 54], and in support states as follows:

1. The Debtor's Objection requests that the Court strike RES-FL's Claim No. 1 based upon the following conclusory assertions:

    (a) Claim is a contingent and unliquidated debt.

    (b) Debtor disputes secured status of claim.

    (c) Debtor disputes total amount due to claimant.

The Debtor offers no authority or details to explain how the Objection is valid.

2. In fact, RES-FL's claim is noncontingent, liquidated, and the amount is not subject to dispute because the claim is based upon a Final Judgment of Monetary Damages and Foreclosure entered on June 29, 2015 in favor of RES-FL and against the Debtor in the amount of $79,896.67 (the "Judgment"). *See* Claim No. 1; *see also In re Chung*, No. 13-15338-JKO, 2014 WL 11279465, at *3 (Bankr. S.D. Fla. Jan. 7, 2014) ("[t]he Final Judgment and State Court's Supporting Memorandum contain findings of fact and conclusions of law which are binding upon this Court.") (citing *In re Letterese*, 397 B.R. 507, 514 (Bankr. S.D. Fla. 2008) ("A

{M1187375.1}

judgment which establishes monetary liability in favor of a party is noncontingent and liquidated as to the sum owed.  The pendency of an appeal does not affect the outcome: I am precluded from revisiting a judgment entered in a state court against the Debtor by principles of collateral estoppel.")); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3. The secured status of RES-FL's claim is also not subject to dispute.  RES-FL asserts a security interest in the Debtor's real property at Lots 5 and 6, Block 29 of Rainbow Park in Marion County by virtue of its mortgage and foreclosure judgment, and the Debtor's real property at 311 W 40th Pl., Hialeah, FL by virtue of its judgment lien.  The Judgment became a lien upon the Debtor's real property located in Miami-Dade County upon the recording of a certified copy of the Judgment in the Miami-Dade County official records in BK 29692 at Page 4404 on July 10, 2015.  *See* Fla. Stat. § 55.10.

4. The Judgment's concurrent finding in favor of RES-FL on both its foreclosure and breach of note counts does nothing to prevent the Judgment from becoming a lien on the Debtor's real property where, as in the Judgment, the foreclosure sale date is not set.  This kind of hybrid judgment was acknowledged in *Royal Palm Corp. Ctr. Ass'n v. PNC Bank, NA*, 89 So. 3d 923, 929 (Fla. 4th DCA 2012) (explaining that under the traditional common law, upon a default by the mortgagor, a mortgagee "may sue either on the note or foreclose on the mortgage, and may pursue all remedies "at the same time or consequently").  "On the damages count, the trial court in *Royal Palm* ordered the defendant to pay the designated amount, stating 'for which let execution issue.'  So, similar to the instant case, the damages judgment in *Royal Palm* was final and collectible, but the foreclosure judgment was not "collectible" until the plaintiff requested a foreclosure sale." *Hammond v. Kingsley Asset Mgmt., LLC*, 144 So. 3d 673, 675

(Fla. 2d DCA 2014); *see also Bank v. Nichols Creek Dev., L.L.C.*, No. 3:13-CV-26-J-32JBT, 2015 WL 9474611, at *9 (M.D. Fla. Dec. 29, 2015) ("courts may enter judgments which allow the pursuit of the legal remedies and permit the initiation of the foreclosure sale process only after a plaintiff certifies that the money judgment had not been satisfied."). Because the Judgment does not set a sale date, it is distinguishable from *Farah v. Iberia Bank*, 47 So. 3d 850, 851 (Fla. Dist. Ct. App. 2010), which struck the words "for which let execution issue" from a final judgment of foreclosure where the plaintiff had already elected to foreclose.

5.  RES-FL's properly executed and filed proof of claim is prima facie evidence that the claim is valid. *See* FED. R. BANKR. P. 3001(f). The Objection not only fails to overcome the prima facie validity of RES-FL's claim, but is completely unfounded. *See In re Haack*, 165 B.R. 501, 503 (Bankr. M.D. Fla. 1994) ("The objecting party has the burden to present affirmative evidence sufficient to rebut the prima facie validity of a claim.").

WHEREFORE, RES-FL respectfully requests that the Court enter an Order overruling the Objection, finding that RES-FL is secured as to both the Marion County and Miami-Dade County properties, and granting such other and further relief as the Court deems just and proper.

Dated: June 22, 2016

> Respectfully submitted,
>
> JONES WALKER LLP
>   *Attorneys for RES-FL EIGHT, LLC*
> 201 Biscayne Blvd., Suite 2600
> Miami, Florida 33131
> Email: *sdrobny@joneswalker.com*
> Telephone: (305) 679-5700
> Facsimile: (305) 679-5710
>
> By:  */s/ Stephen P. Drobny*
>           Stephen P. Drobny
>           Florida Bar No. 55732

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties listed below via ECF or first class U.S. Mail on this 22nd day of June, 2016.

/s/ *Stephen P. Drobny*
Stephen P. Drobny

*Debtor*
Boris Colon
1167 W. 23rd Street
Hialeah, FL 33010

*Debtor's Attorney*
Mercedes Saladrigas, Esq
2100 Ponce de Leon Blvd, Penthouse 2
Coral Gables, FL 33134

*Trustee*
Nancy K. Neidich
www.ch13herkert.com
POB 279806
Miramar, FL 33027

*U.S. Trustee*
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130