

**ORDERED in the Southern District of Florida on July 6, 2016.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:

BORIS COLON                                    Case No. 16-11085-RAM

    Debtor.                                    Chapter 13
_____/

**AGREED ORDER GRANTING, IN PART,
CREDITOR RES-FL EIGHT, LLC'S MOTION TO VALUE THE
DEBTOR'S REAL PROPERTY AT 311 WEST 40TH PLACE, HIALEAH, FL
AND DETERMINE THE SECURED STATUS OF ITS CLAIM NO. 1; AND
<u>OVERRULING THE DEBTOR'S CLAIM OBJECTION</u>**

THIS CAUSE came on before the court for hearing on July 6, 2016 at 10:00 a.m. upon Creditor RES-FL EIGHT, LLC ("RES-FL")'s Motion to Value the Debtor's Real Property at 311 West 40th Place, Hialeah, FL and Determine the Secured Status of its Claim No. 1 [D.E. 50] (the "Motion") and the Debtor's Objection to Claim [D.E. 54] (the "Objection").  Upon consideration of the Motion, being informed that RES-FL and the Debtor agree to the entry of this order, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED as follows:

{M1193989.1}

1. Pursuant to Florida Statute § 55.10, RES-FL has a judgment lien against the Debtor's real property located at 311 West 40th Place, Hialeah, FL and more particularly described as:

> LOT 6, BLOCK 3, OF IDEAL HOMES 3, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGE 65, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

(the "311 West Property"), which arises from the recording of a certified copy of the Final Judgment of Monetary Damages and Foreclosure entered on June 29, 2015 in favor of RES-FL and against the Debtor in the amount of $79,896.67 (the "Judgment") in the Miami-Dade County official records in BK 29692 at Page 4404 on July 10, 2015 and in the Marion County official records in BK 6237 Pages 1584-1590 on July 7, 2015.

2. The value of the debtor's real property located at 311 West 40th Place, Hialeah, Florida 33012, and more particularly described above is **$172,950.00** at the time of the filing of this case.

3. The total of all claims secured by liens on the Real Property senior to the lien of RES-FL is $117,950.00.

4. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of RES-FL is $55,000.00.

5. As such, RES-FL's Claim No. 1 shall be treated in this case as secured against the 311 West Property in the amount of $55,000.00 payable at 2.5% interest in equal monthly installments within the commitment period of the Debtor's Chapter 13 case, resulting in fifty-eight monthly payments of $1,009.76. Monthly payments on the portion of RES-FL's claim secured by the 311 West Property shall be made through the Ch. 13 plan and shall be due on the 26th day of each month, starting with the July 26, 2016 plan payment.

6. Therefore, RES-FL's Claim No. 1 in the amount of $82,090.29 shall be allowed as a secured claim in the amount provided in paragraph 4 above and as a general unsecured claim for the remaining balance of $20,290.29; as RES-FL is maintaining its judgment as to the property located in Marion County, more particularly described as LOTS 5 AND 6, BLOCK 29 OR RAINBOW PARK UNIT NO. 1 REVISED, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK G, PAGE 10, OF THE PUBLIC RECORDS OF MARION COUNTY, FLORIDA, for which RES-FL obtained the Final Judgment described herein in Paragraph 1 agreed by the parties to be valued at the time of filing in the amount of $6,800.00.

7. The Debtor's Objection to RES-FL's Claim No. 1 is overruled.

8. Provided that the Debtor timely makes all of the payments required in paragraph 5 above, then upon entry of the Debtor's discharge in this Chapter 13 case, RES-FL's judgment lien against the 311 West Property shall be extinguished automatically and satisfied without further order of the Court and this Order will be recorded so as to extinguish this lien. Further, any and all deficiencies with regard to RES-FL's judgment shall be discharged. If this case is converted to a case under any other chapter, RES-FL's judgment lien will no longer be considered void and shall be restored as a lien on the 311 West Property.

9. The 311 West Property may not be sold or refinanced without proper notice and further order of the Court.

10. In accordance with the Order converting the Debtor's case to a case under chapter 13 [D.E. 34], in the event that the Debtor fails to timely make any payments provided for under this order and the Debtor's Chapter 13 plan, then upon the filing by the Chapter 13 Trustee of a notice of plan default, an order will be entered converting this case to a chapter 7 case without further hearing or notice.

###

Submitted by and copies furnished to:

Stephen P. Drobny, Esq.
JONES WALKER LLP
201 Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone: (305) 679-5700
sdrobny@joneswalker.com

Stephen P. Drobny is directed to serve a copy of this Order on all parties entitled to service and to file with the court a certificate of service conforming with Local Rule 2002-1(F).

{M1193989.1}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:

BORIS COLON                                                  Case No. 16-11085-RAM

    Debtor.                                                  Chapter 13
_____/

**AGREED ORDER GRANTING, IN PART,
CREDITOR RES-FL EIGHT, LLC'S MOTION TO VALUE THE
DEBTOR'S REAL PROPERTY AT 311 WEST 40TH PLACE, HIALEAH, FL
AND DETERMINE THE SECURED STATUS OF ITS CLAIM NO. 1; AND
<u>OVERRULING THE DEBTOR'S CLAIM OBJECTION</u>**

    THIS CAUSE came on before the court for hearing on July 6, 2016 at 10:00 a.m. upon Creditor RES-FL EIGHT, LLC ("RES-FL")'s Motion to Value the Debtor's Real Property at 311 West 40th Place, Hialeah, FL and Determine the Secured Status of its Claim No. 1 [D.E. 50] (the "Motion") and the Debtor's Objection to Claim [D.E. 54] (the "Objection").  Upon consideration of the Motion, being informed that RES-FL and the Debtor agree to the entry of this order, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED as follows:

{M1193989.1}

1. Pursuant to Florida Statute § 55.10, RES-FL has a judgment lien against the Debtor's real property located at 311 West 40th Place, Hialeah, FL and more particularly described as:

> LOT 6, BLOCK 3, OF IDEAL HOMES 3, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGE 65, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

(the "311 West Property"), which arises from the recording of a certified copy of the Final Judgment of Monetary Damages and Foreclosure entered on June 29, 2015 in favor of RES-FL and against the Debtor in the amount of $79,896.67 (the "Judgment") in the Miami-Dade County official records in BK 29692 at Page 4404 on July 10, 2015 and in the Marion County official records in BK 6237 Pages 1584-1590 on July 7, 2015.

2. The value of the debtor's real property located at 311 West 40th Place, Hialeah, Florida 33012, and more particularly described above is **$172,950.00** at the time of the filing of this case.

3. The total of all claims secured by liens on the Real Property senior to the lien of RES-FL is $117,950.00.

4. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of RES-FL is $55,000.00.

5. As such, RES-FL's Claim No. 1 shall be treated in this case as secured against the 311 West Property in the amount of $55,000.00 payable at 2.5% interest in equal monthly installments within the commitment period of the Debtor's Chapter 13 case, resulting in fifty-eight monthly payments of $1,009.76. Monthly payments on the portion of RES-FL's claim secured by the 311 West Property shall be made through the Ch. 13 plan and shall be due on the 26th day of each month, starting with the July 26, 2016 plan payment.

6. Therefore, RES-FL's Claim No. 1 in the amount of $82,090.29 shall be allowed as a secured claim in the amount provided in paragraph 4 above and as a general unsecured claim for the remaining balance of $20,290.29; as RES-FL is maintaining its judgment as to the property located in Marion County, more particularly described as LOTS 5 AND 6, BLOCK 29 OR RAINBOW PARK UNIT NO. 1 REVISED, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK G, PAGE 10, OF THE PUBLIC RECORDS OF MARION COUNTY, FLORIDA, for which RES-FL obtained the Final Judgment described herein in Paragraph 1 agreed by the parties to be valued at the time of filing in the amount of $6,800.00.

7. The Debtor's Objection to RES-FL's Claim No. 1 is overruled.

8. Provided that the Debtor timely makes all of the payments required in paragraph 5 above, then upon entry of the Debtor's discharge in this Chapter 13 case, RES-FL's judgment lien against the 311 West Property shall be extinguished automatically and satisfied without further order of the Court and this Order will be recorded so as to extinguish this lien. Further, any and all deficiencies with regard to RES-FL's judgment shall be discharged. If this case is converted to a case under any other chapter, RES-FL's judgment lien will no longer be considered void and shall be restored as a lien on the 311 West Property.

9. The 311 West Property may not be sold or refinanced without proper notice and further order of the Court.

10. In accordance with the Order converting the Debtor's case to a case under chapter 13 [D.E. 34], in the event that the Debtor fails to timely make any payments provided for under this order and the Debtor's Chapter 13 plan, then upon the filing by the Chapter 13 Trustee of a notice of plan default, an order will be entered converting this case to a chapter 7 case without further hearing or notice.

###

Submitted by and copies furnished to:

Stephen P. Drobny, Esq.
JONES WALKER LLP
201 Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone: (305) 679-5700
sdrobny@joneswalker.com

Stephen P. Drobny is directed to serve a copy of this Order on all parties entitled to service and to file with the court a certificate of service conforming with Local Rule 2002-1(F).

{M1193989.1}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:

BORIS COLON                                          Case No. 16-11085-RAM

    Debtor.                                          Chapter 13
_____/

**AGREED ORDER GRANTING, IN PART,
CREDITOR RES-FL EIGHT, LLC'S MOTION TO VALUE THE
DEBTOR'S REAL PROPERTY AT 311 WEST 40TH PLACE, HIALEAH, FL
AND DETERMINE THE SECURED STATUS OF ITS CLAIM NO. 1; AND
<u>OVERRULING THE DEBTOR'S CLAIM OBJECTION</u>**

THIS CAUSE came on before the court for hearing on July 6, 2016 at 10:00 a.m. upon Creditor RES-FL EIGHT, LLC ("RES-FL")'s Motion to Value the Debtor's Real Property at 311 West 40th Place, Hialeah, FL and Determine the Secured Status of its Claim No. 1 [D.E. 50] (the "Motion") and the Debtor's Objection to Claim [D.E. 54] (the "Objection").  Upon consideration of the Motion, being informed that RES-FL and the Debtor agree to the entry of this order, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED as follows:

{M1193989.1}

1. Pursuant to Florida Statute § 55.10, RES-FL has a judgment lien against the Debtor's real property located at 311 West 40th Place, Hialeah, FL and more particularly described as:

> LOT 6, BLOCK 3, OF IDEAL HOMES 3, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGE 65, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

(the "311 West Property"), which arises from the recording of a certified copy of the Final Judgment of Monetary Damages and Foreclosure entered on June 29, 2015 in favor of RES-FL and against the Debtor in the amount of $79,896.67 (the "Judgment") in the Miami-Dade County official records in BK 29692 at Page 4404 on July 10, 2015 and in the Marion County official records in BK 6237 Pages 1584-1590 on July 7, 2015.

2. The value of the debtor's real property located at 311 West 40th Place, Hialeah, Florida 33012, and more particularly described above is **$172,950.00** at the time of the filing of this case.

3. The total of all claims secured by liens on the Real Property senior to the lien of RES-FL is $117,950.00.

4. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of RES-FL is $55,000.00.

5. As such, RES-FL's Claim No. 1 shall be treated in this case as secured against the 311 West Property in the amount of $55,000.00 payable at 2.5% interest in equal monthly installments within the commitment period of the Debtor's Chapter 13 case, resulting in fifty-eight monthly payments of $1,009.76. Monthly payments on the portion of RES-FL's claim secured by the 311 West Property shall be made through the Ch. 13 plan and shall be due on the 26th day of each month, starting with the July 26, 2016 plan payment.

6. Therefore, RES-FL's Claim No. 1 in the amount of $82,090.29 shall be allowed as a secured claim in the amount provided in paragraph 4 above and as a general unsecured claim for the remaining balance of $20,290.29; as RES-FL is maintaining its judgment as to the property located in Marion County, more particularly described as LOTS 5 AND 6, BLOCK 29 OR RAINBOW PARK UNIT NO. 1 REVISED, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK G, PAGE 10, OF THE PUBLIC RECORDS OF MARION COUNTY, FLORIDA, for which RES-FL obtained the Final Judgment described herein in Paragraph 1 agreed by the parties to be valued at the time of filing in the amount of $6,800.00.

7. The Debtor's Objection to RES-FL's Claim No. 1 is overruled.

8. Provided that the Debtor timely makes all of the payments required in paragraph 5 above, then upon entry of the Debtor's discharge in this Chapter 13 case, RES-FL's judgment lien against the 311 West Property shall be extinguished automatically and satisfied without further order of the Court and this Order will be recorded so as to extinguish this lien. Further, any and all deficiencies with regard to RES-FL's judgment shall be discharged. If this case is converted to a case under any other chapter, RES-FL's judgment lien will no longer be considered void and shall be restored as a lien on the 311 West Property.

9. The 311 West Property may not be sold or refinanced without proper notice and further order of the Court.

10. In accordance with the Order converting the Debtor's case to a case under chapter 13 [D.E. 34], in the event that the Debtor fails to timely make any payments provided for under this order and the Debtor's Chapter 13 plan, then upon the filing by the Chapter 13 Trustee of a notice of plan default, an order will be entered converting this case to a chapter 7 case without further hearing or notice.

{M1193989.1}

###

Submitted by and copies furnished to:

Stephen P. Drobny, Esq.
JONES WALKER LLP
201 Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone: (305) 679-5700
sdrobny@joneswalker.com

Stephen P. Drobny is directed to serve a copy of this Order on all parties entitled to service and to file with the court a certificate of service conforming with Local Rule 2002-1(F).

{M1193989.1}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:

BORIS COLON                                    Case No. 16-11085-RAM

    Debtor.                                    Chapter 13
_____/

**AGREED ORDER GRANTING, IN PART,
CREDITOR RES-FL EIGHT, LLC'S MOTION TO VALUE THE
DEBTOR'S REAL PROPERTY AT 311 WEST 40TH PLACE, HIALEAH, FL
AND DETERMINE THE SECURED STATUS OF ITS CLAIM NO. 1; AND
<u>OVERRULING THE DEBTOR'S CLAIM OBJECTION</u>**

THIS CAUSE came on before the court for hearing on July 6, 2016 at 10:00 a.m. upon Creditor RES-FL EIGHT, LLC ("RES-FL")'s Motion to Value the Debtor's Real Property at 311 West 40th Place, Hialeah, FL and Determine the Secured Status of its Claim No. 1 [D.E. 50] (the "Motion") and the Debtor's Objection to Claim [D.E. 54] (the "Objection"). Upon consideration of the Motion, being informed that RES-FL and the Debtor agree to the entry of this order, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED as follows:

{M1193989.1}

1. Pursuant to Florida Statute § 55.10, RES-FL has a judgment lien against the Debtor's real property located at 311 West 40th Place, Hialeah, FL and more particularly described as:

> LOT 6, BLOCK 3, OF IDEAL HOMES 3, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGE 65, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

(the "311 West Property"), which arises from the recording of a certified copy of the Final Judgment of Monetary Damages and Foreclosure entered on June 29, 2015 in favor of RES-FL and against the Debtor in the amount of $79,896.67 (the "Judgment") in the Miami-Dade County official records in BK 29692 at Page 4404 on July 10, 2015 and in the Marion County official records in BK 6237 Pages 1584-1590 on July 7, 2015.

2. The value of the debtor's real property located at 311 West 40th Place, Hialeah, Florida 33012, and more particularly described above is **$172,950.00** at the time of the filing of this case.

3. The total of all claims secured by liens on the Real Property senior to the lien of RES-FL is $117,950.00.

4. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of RES-FL is $55,000.00.

5. As such, RES-FL's Claim No. 1 shall be treated in this case as secured against the 311 West Property in the amount of $55,000.00 payable at 2.5% interest in equal monthly installments within the commitment period of the Debtor's Chapter 13 case, resulting in fifty-eight monthly payments of $1,009.76. Monthly payments on the portion of RES-FL's claim secured by the 311 West Property shall be made through the Ch. 13 plan and shall be due on the 26th day of each month, starting with the July 26, 2016 plan payment.

{M1193989.1}

6. Therefore, RES-FL's Claim No. 1 in the amount of $82,090.29 shall be allowed as a secured claim in the amount provided in paragraph 4 above and as a general unsecured claim for the remaining balance of $20,290.29; as RES-FL is maintaining its judgment as to the property located in Marion County, more particularly described as LOTS 5 AND 6, BLOCK 29 OR RAINBOW PARK UNIT NO. 1 REVISED, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK G, PAGE 10, OF THE PUBLIC RECORDS OF MARION COUNTY, FLORIDA, for which RES-FL obtained the Final Judgment described herein in Paragraph 1 agreed by the parties to be valued at the time of filing in the amount of $6,800.00.

7. The Debtor's Objection to RES-FL's Claim No. 1 is overruled.

8. Provided that the Debtor timely makes all of the payments required in paragraph 5 above, then upon entry of the Debtor's discharge in this Chapter 13 case, RES-FL's judgment lien against the 311 West Property shall be extinguished automatically and satisfied without further order of the Court and this Order will be recorded so as to extinguish this lien. Further, any and all deficiencies with regard to RES-FL's judgment shall be discharged. If this case is converted to a case under any other chapter, RES-FL's judgment lien will no longer be considered void and shall be restored as a lien on the 311 West Property.

9. The 311 West Property may not be sold or refinanced without proper notice and further order of the Court.

10. In accordance with the Order converting the Debtor's case to a case under chapter 13 [D.E. 34], in the event that the Debtor fails to timely make any payments provided for under this order and the Debtor's Chapter 13 plan, then upon the filing by the Chapter 13 Trustee of a notice of plan default, an order will be entered converting this case to a chapter 7 case without further hearing or notice.

{M1193989.1}

###

Submitted by and copies furnished to:

Stephen P. Drobny, Esq.
JONES WALKER LLP
201 Biscayne Blvd., Suite 2600
Miami, Florida 33131
Telephone: (305) 679-5700
sdrobny@joneswalker.com

Stephen P. Drobny is directed to serve a copy of this Order on all parties entitled to service and to file with the court a certificate of service conforming with Local Rule 2002-1(F).

{M1193989.1}